IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. 06-0101-KD-N |
| v. | : | |
| | : | CIVIL ACTION NO. 08-0469-KD-N |
| HENRY CLIFFORD JOHNSON, | : | |
| | : | |
| Petitioner. | : | |

REPORT AND RECOMMENDATION

This matter is before the court on the following: Petitioner's Motion to Vacate , Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 and memorandum in support (docs. 43, 44, 46); the United States' opposition thereto (doc. 48); Petitioner's reply (doc. 49) and Petitioner's Motion for Evidentiary Hearing (doc. 50). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c) for appropriate action.[1]

I.   Background [2]

Petitioner, Henry Clifford Johnson, was charged in a two-count superseding indictment charging that, as a convicted felon, Johnson had possessed two different firearms in violation of 18 U.S.C. §922(g)(1). Petitioner entered a guilty plea to Count Two pursuant to a written plea

---

[1] On August 11, 2008 this matter was referred to the Magistrate Judge for entry of a Report and Recommendation. The undersigned has reviewed the petitioner's motion and related documents, the transcripts of the guilty plea hearing and the sentencing hearing, and all other relevant documents in the court's file and has fully familiarized itself with the proceedings before District Judge Kristi K. DuBose. Based on that review, the undersigned makes the following report and recommendation.

[2] The facts, as found in the Pre- Sentence Report, are sufficiently set out in the government's opposition brief. (Doc. 48 at pp. 5-7)

agreement. The agreement contained a waiver of appellate rights.[3]

The applicable sentencing range under the Sentencing Guidelines was found to be 130-162 months in light of his criminal history; however, the charge under Count Two was subject to a statutory maximum sentence of 120 months imprisonment. On January 30, 2007, Johnson was sentenced to 120 months imprisonment, a three-year term of supervised release and a special assessment of $100.00.

Counsel filed a Notice of Appeal, along with an Anders[4] brief and a motion to withdraw. The Eleventh Circuit granted the motion to withdraw and found that there were no arguable issues of merit to be appealed. The mandate was entered by the Court of Appeals on August 11, 2008. Petitioner filed the instant motion for habeas relief on August 11, 2008 on the grounds, in sum, (1) that he received ineffective assistance of trial counsel during the plea process; and (2) that he received ineffective assistance of appellate counsel. The government filed a response on September 19, 2008.

This matter is now ripe for resolution and has been referred to the undersigned for entry of a report and recommendation as to the appropriate disposition of the issues in the petition. After careful review of the record, it is the recommendation of the undersigned that petitioner's motion to vacate be **DENIED.**

II.   Legal Standard

  *Habeas*

---

[3] The waiver does not preclude a Motion pursuant to §2255 attacking the validity of the plea on grounds of ineffective assistance of counsel. See U.S. v. Patel, 252 Fed.Appx. 970, 974-75 (11th Cir. 2007).

[4] Anders v. California, 386 U.S. 738 (1967).

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165 (1982). A defendant who has exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).[5]

In general, claims not raised on direct appeal may not be considered on collateral attack. A petitioner can, however, overcome his procedural default of claims not raised on direct appeal. The burden a petitioner must meet differs, depending upon the type of claim he raises. First, "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Burke v. United States, 152 F.3d 1329, 1331 (11th Cir.1998) (citations and internal quotations omitted). A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent. Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990). Jurisdictional issues, however, are

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

not subject to procedural default because federal courts are of limited jurisdiction and the parties cannot by waiver or default confer a jurisdictional foundation that is otherwise lacking. Harris v. United States, 149 F.3d 1304, 1306 (11th Cir. 1998).

*Ineffective Assistance of Counsel*

Johnson contends that he is entitled to habeas relief, on the grounds, in sum, that both his trial and appellate counsel were ineffective.  In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). Under the performance prong, the relevant inquiry is whether counsel's representation was "objectively reasonable." Crawford v. Head, 311 F.3d 1288, 1311 (11th Cir. 2002).  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 104 S.Ct. 2066. A petitioner can rebut this presumption only by proving his attorney's representation was unreasonable under prevailing professional norms. Chandler v. United States, 218 F.3d 1305, 1314 n. 15 (11th Cir. 2000) (en banc). "Therefore, where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." Id. (quotations and citation omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support limitations on investigation." Strickland, 104 S.Ct. at 2066.

The petitioner's burden of demonstrating prejudice is high. Under the prejudice prong, it

is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.  Instead, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Wellington, 314 F.3d at 1260 (quotations and citations omitted).

In Hill v. Lockhart, 474 U.S. 52, 58,106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that the Strickland test applies to advice given by counsel in the context of guilty plea discussions.  In the context of a claim of ineffective assistance of counsel as it relates to the entry of a guilty plea the Eleventh Circuit has opined, in part, as follows:

> Where an ineffective-assistance-of-counsel claim relates to the entry of a guilty plea, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded guilty and would [not] have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir.1995) (quoting Hill v. Lockhart, 106 S.Ct. 366, 370 (1985)). In these cases, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 106 S.Ct. at 370. If the movant (1) failed to allege in his motion to vacate that, but for counsel's advice, he would not have pled as he did or (2) otherwise failed to show special circumstances indicating that counsel's advice affected his decision to plead, then his allegation of prejudice is insufficient to satisfy Strickland. Id. at 371.

Davis v. U.S.,  2009 WL 1598433 (slip opinion) (11th Cir. 2009)

*Evidentiary Hearing*

"Unless the motion [under Section 2255 ] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255 . However, an evidentiary hearing is not required in every case.  For example, no evidentiary

hearing is required:

- Where the petitioner's claim is "patently frivolous," Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir.1989);

- Where the claim is "based upon unsupported generalizations," id.;

- Where the petitioner has not "allege[d] facts that, if true, would entitle him to relief," Aron v. United States, 291 F.3d 708, 715 (11th Cir.2002);

- Where the facts alleged are not "reasonably specific [and] nonconclusory," id. at 714-15;

- "[W]here the petitioner's allegations are affirmatively contradicted by the record," id. at 715;

- Where the petitioner's version of the facts has already been accepted as true, Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir.2003); and

- Where "the district court can determine the merits of the ineffectiveness claim based on the existing record." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir.1983).

III. Discussion

Petitioner's Section 2255 Motion raises two issues: ineffective assistance of trial counsel during the plea process and ineffective assistance of appellate counsel.

*Trial Counsel*

Petitioner's claim concerning trial counsel is based on his assertion that his right to a trial by jury was inviolable, and that his guilty plea was thus unconstitutional. To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the

nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir.1999).

The government gives Petitioner the benefit of the doubt, parsing his submissions to state this claim as alleging that his attorney did not explain that he had a right to a trial by jury where the government would have to prove that his possession of the firearm had a 'substantial' effect on interstate commerce, and that he would not have pleaded guilty had he known.[6] The colloquy and guilty plea belie Petitioner's claim to lack of knowledge.

At the plea hearing, the District Judge questioned Johnson to ensure that he understood the charges and the terms of the agreement:

> The Court: Now you have a right to plead not guilty and persist in that plea. You have a right to go to trial. And the government would have to prove your guilt beyond a reasonable doubt. You would have the right to cross-examine any witness the government brought in. You would have the right to subpoena your own witnesses. You would have the right to either testify or not to testify. But do you understand by pleading guilty today there will not be a trial, and you are giving up all those rights?
>
> Johnson: Yes, Ma'am.
>
> The Court: And is that what you want to do?
>
> Johnson: Yes, ma'am.

(Doc. 39 at 9).

The court then asked the government to summarize the charge and facts that would be relied upon at trial after which the following exchange occurred between the court and petitioner:

---

[6] The government states, in part: "[a]lthough Johnson has not specifically alleged that his plea was involuntary, he claims that he would not have pleaded guilty and insisted on a trial, had his attorney told him that he had a right to a jury trial where the United States had to prove beyond a reasonable doubt that his 'intrastate conduct had a 'substantial' effect on interstate commerce.' " (Doc. 48 at 10)

| | | |
|---|---|---|
| The Court: | Do you agree that the government could prove those facts, Mr. Johnson? | |
| Johnson: | Ma'am? What was that? | |
| The Court: | I said do you agree that the government could prove those facts against you at trial? | |
| Counsel: | Judge, there is a dispute over whether there was actual sexual abuse. | |
| The Court: | Okay. That's not necessary for the admission for this. The question is, do you agree that the government could prove that you were in possession of the firearm that they described? | |
| Johnson: | Yes, ma'am. | |
| The Court: | Okay. How do you plead to Count two of the charge. | |
| Johnson: | Guilty | |

(Doc. 39 at 11)

      Even if the court were to find that petitioner's trial attorney failed to inform him that he was waiving his right to trial by jury, with all that such a waiver entailed, the petitioner can not demonstrate prejudice under Strickland as he was made aware of the implications of his guilty plea by the court, on the record.

      Additionally, with regard to the performance prong of Strickland, petitioner's trial counsel can not be faulted for allegedly failing to inform him that the government would have had to prove, by a preponderance of the evidence, that his possession of the firearm had a 'significant impact' on interstate commerce; the established law at the time of the plea did not so hold, and reasonably competent counsel can not be held to have been required to have made such

a claim.  See U.S. v. McAllister, 77 F.3d 387, 390 (11th Cir, 1996)(sufficient to show that gun had previously traveled in interstate commerce); U.S. v. Dupree, 258 F.3d 1258, 1260 (11th Cir. 2001)(reaffirming holding of McAllister).

*Appellate Counsel*

Defendant also asserts that the representation he received from his appointed appellate counsel, who was not the same as his trial counsel, was constitutionally inadequate.  Petitioner bases this claim on the fact that his appellate counsel did not raise and argue four theories: 1) that Petitioner was entitled to a *mandatory* jury trial, 2) that Rule 11 is unconstitutional ; 3) that the evidence was insufficient in that the government did not prove that his possession of the firearm 'significantly affected' interstate commerce, and 4) that the trial court's enhancement of his Guidelines calculation for possession of the firearm in connection with another criminal offense was unconstitutional.  Counsel for the government categorizes the last argument as being brought pursuant to Apprendi[7] and Booker [8].

Due to the appellate waiver contained in his plea agreement, which petitioner does not challenge, he waived all of his sentencing claims on appeal.  See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.2005) (Sentence appeal waivers entered into as part of a Rule 11 plea agreement are enforceable in § 2255 proceedings.)  Appellate counsel can not be deemed ineffective for failing to raise issues to which Petitioner had no legal right to raise.  In addition, for the reasons set forth above, the court finds the Petitioner's first three grounds to be without merit.  Petitioner's Apprendi and Booker arguments are likewise meritless.

---

[7] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[8] United States v. Booker, 543 U.S. 220 (2005).

9

The presentence investigation report calculated petitioner's sentencing range as 292 to 365 months. Johnson's attorney objected to several of the enhancements, including the cross-referenced enhancement for sexual abuse using the firearm. The court sustained counsel's objections to several of the enhancements, but overruled his objection to consideration of the use of the firearm in connection with the sexual assault. The court found Johnson's offense level to be 27 and his criminal history category to be VI, with resulting Guidelines range of 130 to 162 months. Nevertheless, because Count Two carried a statutory maximum penalty of 120 months, the court imposed that as defendant's sentence. The transcript of the proceeding reflects that the District Judge considered the Guidelines figure as one factor in imposing sentence, citing Johnson's criminal history including violent crimes and focusing on the danger Johnson posed to the community.

"[O]ur precedents have consistently upheld district courts' use of such relevant conduct when determining an appropriate sentence." U.S. v. Campbell, 491 F.3d 1306 (11th Cir. 2007).

> "After Booker, a sentence may be reviewed for procedural or substantive unreasonableness." [U.S. v.] Hunt, 459 F.3d [1180] at 1182 n. 3 [(11th Cir. 2006)]; see also United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). A sentence may be procedurally unreasonable if "it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence." Id. "Additionally, a sentence may be substantively unreasonable, regardless of the procedure used." Id.

Campbell, at 1314.

"Booker requires courts to consider the sentence recommended by the Guidelines as one of several factors mentioned in 18 U.S.C. § 3553." Id. at 1314 n.9. "The U.S. Supreme Court in Rita[9] reaffirmed our view that Booker and Blakely do not limit the

---

[9] Rita v. U.S., 551 U.S. 338 (2007).

10

district courts' ability to consider for sentencing purposes facts proven to the judge by a preponderance of the evidence so long as the sentence imposed does not exceed the maximum permitted by the jury verdict." Id. at 1314 n.11.

The Court's finding on the Petitioner's use of the firearm in connection with a sexual assault was properly made by a preponderance of the evidence and did not lead to a sentence beyond the maximum permitted on Count Two. Thus, there is no factual basis for defendant's challenge to the enhancement in this case.

*Motion for Evidentiary Hearing*

Petitioner has moved the court for an evidentiary hearing on his habeas petition. (Doc. 50) As noted herein, an evidentiary hearing is only mandated where there is credible evidence to support petitioner's allegations. See Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir.1983) (bald assertions are not of probative evidentiary value); West v. Johnson, 92 F.3d 1385, 1400 (5th Cir.1996) (denying evidentiary hearing where petitioner relies on conclusory assertions of ineffective assistance of counsel). Because the files and records in this case clearly indicate the lack of merit in petitioner's claims and there is no supporting evidence, the undersigned finds that an evidentiary hearing is neither necessary or warranted for the resolution of petitioner's habeas claims. See United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984) (hearing is not required when the files and records make manifest the lack of merit of a Section 2255 claim) Petitioner's claims are, as stated by the government, frivolous, and can be determined by taking Petitioner's specific factual allegations as true for purposes of decision. Accordingly, it is the recommendation of the undersigned that petitioner's request for an

evidentiary hearing be **DENIED.**

## Conclusion

For the reasons set forth above, it is the recommendation of the undersigned that no hearing be held in this matter and that the petitioner's Motion to Vacate, Set Aside or Correct Sentence be DENIED.

DONE this the 17th day of July, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.